IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>vs.<br><br>**TOMMY JENSEN,**<br><br>    **Defendant**. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:06-CR-23-DAK<br><br>Judge Dale A. Kimball |

   This matter is before the court on Defendant's Petition for Reduction of Sex Offender Registration Period [ECF No. 42]. The United States opposed Defendant's motion on April 17, 2025. Defendant has not filed a reply, but the time for doing so has passed. The court, therefore, considers the motion fully briefed.

   On October 13, 2006, Judge Dee Benson sentenced Defendant to 48 months of incarceration and 36 months of supervised release. Defendant's supervised release began on April 20, 2010. Defendant's conviction for possession of child pornography required him to register as a tier I sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20913. A tier I sex offender must register for 15 years. 34 U.S.C. § 201915(a)(1). This period can be reduced by five years if the defendant maintains a "clean record" for 10 years. 34 U.S.C. § 20915(b). The United States does not dispute that Defendant has maintained a "clean record" as that is defined in the statute. As of April 20, 2025, however, Defendant has registered as a sex offender for 15 years and completed the full term under

SORNA. Therefore, the court agrees with the United States that Defendant's motion is essentially moot.

To the extent that the dates may be in question and the issue is not moot, the United States argues that this court lacks jurisdiction to consider Defendant's motion. However, the court has addressed this issue in a prior case and determined that as the sentencing court, it maintains jurisdiction to decide such motions. *United States v. Zweibel*, No. 2:06-CR-720-DAK, 2023 WL 2480052, at *1 (D. Utah March 13, 2023) (citing *United States v. Stovall*, No. 06-cr-286-REB, 2021 WL 5086067, at *1 (D. Colo. Nov. 2, 2021); *United States v. Kite*, No. 5:05-cr-22, 2023 WL 1956687 (W.D. Va. Jan. 13, 2023); *United States v. Davenport*, No. CR-06-06-M-DWM, 2022 WL 4547652 (D. Mont. Sept. 29, 2022); *United States v. Templin*, 354 F.Supp.3d 1181 (D. Mont. 2019)). Despite the contrary case law cited by the United States, the court continues to believe that it has jurisdiction to address the collateral consequences of Defendant's criminal conviction.

Because the court finds that it has jurisdiction to address Defendant's motion, and Defendant has demonstrated that he has maintained a clean record, he is entitled to a reduction of registration time under SORNA to ten years. Accordingly, the court finds Defendant's motion to be moot if his supervision began on April 20, 2010, as stated. In the event that his supervision began after that date, the court grants Defendant's motion.

DATED this 15th day of May 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge